## STATE EX REL. EARL BEETH v. EUGENE A. MONICK AND ANOTHER.[1]

January 14, 1938.

No. 31,624.

*Edgerton, Green & Edgerton,* for appellant (relator below).

[1]Reported in 277 N. W. 211.

*M. F. Kinkead,* County Attorney, *Andrew R. Bratter,* Assistant County Attorney, *John W. McConneloug,* Corporation Counsel, and *Louis P. Sheahan,* Assistant Corporation Counsel, for respondents.

LORING, JUSTICE.

This is an appeal from an order quashing an alternative writ of *mandamus* which sought to compel the county treasurer of Ramsey county to accept one-tenth of 50 per cent of the accrued taxes (minus special assessments) on lots forfeited to the state, as an exercise of the option of the former owner to repurchase them under the provisions of L. 1933, c. 407, 3 Mason Minn. St. 1936 Supp. §§ 2176-3 to 2176-8, and also to compel the county auditor to enter into a contract of repurchase under the provisions of that chapter, § 1 of which provides:

"The owner of any land sold for the taxes for either of the years 1926 or 1927 which shall become forfeited to the state for taxes shall have the option to repurchase said land from the state at any time within one year from the date of such forfeiture for one-half the amount of the taxes accrued against said land at the date of such forfeiture, less penalties, interests and costs, with interest upon said sum from the date of such forfeiture at the rate of four per cent per annum, *   *   *"

Section 2 of the act provides:

"Such owner may exercise said option by paying into the county treasury one-tenth of the amount of said 50 per cent accrued taxes within one year from the date of such forfeiture, *   *   *"

The relator was the owner of certain lots in the city of St. Paul which had been sold for the taxes and certain special assessments for the years 1926 and 1927 and which had become forfeited to the state. Due to Ex. Sess. L. 1937, c. 88, § 8, the time within which repurchase could be made under the provisions of c. 407 expired on September 1, 1937. On the 27th and 28th of August, 1937, the relator notified the Ramsey county auditor of his desire to avail himself of the provisions of c. 407 and tendered to the county treasurer one-tenth of the 50 per cent of the accrued taxes (excluding assessments) less penalties, interest, and costs, but with interest

at four per cent since the date of forfeiture. The county treasurer refused to accept the money, and the county auditor refused to comply with the request of the relator. An alternative writ of *mandamus* was sued out returnable on September 9, but was quashed upon motion of the respondents upon the ground that the tender was neither timely nor adequate in amount because it did not include any part of the judgment based on special assessments.

Upon this appeal the only question of importance is whether or not the word "taxes" as used in c. 407 includes assessments for local improvements levied by the city of St. Paul which were included in the tax judgment and which in the case at bar amounted to about four times the other taxes. Whether the legislature intends to include special assessments in the word "taxes" depends upon the context, apparent purposes, and application of the law. Under the present charter of St. Paul, special assessments are added by the county auditor to the county and state taxes and enforced in like manner with like penalties. In the case at bar the tax judgment into which the liens for both the general taxes and the special assessments were merged had vested absolute title in the state, which held the title in trust for the respective taxing districts in proportion to their respective interests as represented by taxes, special assessments, penalties, etc. at the time of the forfeiture. L. 1927, c. 119. It is true that in a number of acts authorizing tax bargains the legislature has specified assessments with taxes, but is there any indication in the context or application of this law that there was an intent to legislate the beneficiary taxing districts out of their entire interest in the land held in trust for them? We think not. Chapter 407 specifically states what shall be deducted from the amount which had accrued at the time of the forfeiture. These deductions were "penalties, interests and costs." No mention is made of taxes which were the result of special assessments. Had it been the intention of the legislature to nullify the trust in favor of the taxing districts insofar as the districts' interest resulted from such assessments, it would, in our opinion, have so specified.

Order affirmed.